UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
JOSE A. VASQUEZ, on behalf of himself and all other
persons similarly situated,

                      Plaintiff,                         **CLASS ACTION**
                                                        **COMPLAINT**

    -against-

BOLLA OPERATING L.I. CORP. d/b/a/ Bolla Market
and BOLLA OPERATING CORP. d/b/a/ Bolla Market,

                      Defendants.
--------------------------------------------------------------------X

       Plaintiff, Jose A. Vasquez ("Plaintiff"), on behalf of himself and all other persons similarly

situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of

the Defendants, Bolla Operating L.I. Corp., Bolla Operating Corp. and Harvinder Singh

("Defendants"), alleges as follows:

## NATURE OF THE ACTION

       1.    Plaintiff brings this action against the Defendants to remedy violations of the Fair

Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), the Family and Medical Leave Act, 29

U.S.C. § 2601, *et seq*. ("FMLA"), the New York Labor Law and supporting New York State

Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"), and the New York State

Human Rights Law, N.Y. Exec. Law § 290, *et. seq*. (the "NYSHRL"). Plaintiff also brings this

action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and current

and former employees of Defendants who worked as clerks in the State of New York, whose

regular rate of pay did not exceed the statutory minimum wage, and who were not paid an extra

hour's pay at the regular minimum wage for each shift they worked that spanned more than ten

(10) hours as required by 12 N.Y.C.R.R. Part 142.

1

2.      Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.   In addition, the Court has jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. Defendant does business in the State of New York, within the Eastern District of New York, and maintains a principal place of business in Nassau County.

## PARTIES

***Plaintiff Jose Vasquez***

5.      At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of   FLSA, 29 U.S.C. § 203(e), NYLL § 190 (2) and 12 N.Y.C.R.R. § 142.

***Defendant Bolla Operating L.I. Corp.***

6.      Defendant, Bolla Operating L.I. Corp. d/b/a Bolla Market, was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York that operates retail gasoline stations and convenience stores in the State of New York.

7.      At all times relevant, Defendant, Bolla Operating L.I. Corp., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York State Labor Law § 190(3).

8.      At all times relevant, Defendant, Bolla Operating L.I. Corp., is an "enterprise engaged in commerce" within the meaning of the FLSA in that it (1) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or

otherwise work on goods or materials that have been moved in or produced for commerce, and (2) has and has had an annual gross volume of sales of not less than $500,000.00.

9.     Defendant, Bolla Operating L.I. Corp., operates more than 50 gasoline service stations and convenience stores in New York State that require a "wide variety" of materials that have moved through interstate commerce and originated in other states such as gasoline, petroleum products, cleaning supplies, food products and more.

10.     At all times relevant, Defendant, Bolla Operating L.I. Corp., has "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

11.     Defendant, Bolla Operating L.I. Corp., had 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

***Defendant Bolla Operating Corp.***

12.     Defendant, Bolla Operating Corp. d/b/a Bolla Market, was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York that operates retail gasoline stations and convenience stores in the State of New York.

13.     At all times relevant, Defendant, Bolla Operating Corp., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York State Labor Law § 190(3).

14.     At all times relevant, Defendant, Bolla Operating Corp., is an "enterprise engaged in commerce" within the meaning of the FLSA in that it (1) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) has and has had an annual gross volume of sales of not less than $500,000.00.

3

15.     Defendant, Bolla Operating Corp., operates more than 50 gasoline service stations and convenience stores in New York State that require a "wide variety" of materials that have moved through interstate commerce and originated in other states such as gasoline, petroleum products, cleaning supplies, food products and more.

16.     At all times relevant, Defendant, Bolla Operating Corp., has "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

17.     Defendant, Bolla Operating Corp., had 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

*Defendants*

18.     Upon information and belief, Defendants Bolla Operating L.I. Corp. and Bolla Operating Corp. are owned and operated by Harvinder ("Harry") Singh, President and CEO.

19.     Defendants Bolla Operating L.I. Corp. and Bolla Operating Corp. share the same corporate headquarters located at 809 Stewart Avenue, Garden City, New York 11530.

20.     Defendants Bolla Operating L.I. Corp. and Bolla Operating Corp. have a unified operation.

21.     Defendants Bolla Operating L.I. Corp. and Bolla Operating Corp. have common management.

22.     Defendants Bolla Operating L.I. Corp. and Bolla Operating Corp. have centralized control of labor relations, human resources and payroll.

23.     Defendants Bolla Operating L.I. Corp. and Bolla Operating Corp. applied the same payroll policies to all of their employees with respect to the failure to pay spread-of-hours pay.

24.    Defendants Bolla Operating L.I. Corp. and Bolla Operating Corp. constitute an integrated enterprise.

## FACTUAL ALLEGATIONS

25.    Plaintiff commenced employment with Bolla as an hourly-paid clerk in or about January 2019.

26.    Throughout his employment, Plaintiff worked as a clerk at multiple Bolla Market locations including, but not limited to, 750 Motor Parkway, Brentwood, New York 11717; 268 Higbie Lane, West Islip, New York 11795; 1111 Old Nichols Road, Islandia, New York, 11749; and 320 Middle Country Road, Smithtown, New York 11787.  Defendants had at least 50 employees within 75 miles of any Bolla Market location at which Plaintiff worked.

27.    Plaintiff's regular rate of pay was the local statutory minimum wage.  For example, Plaintiff's regular rate of pay was $14 per hour in 2021 and $15 per hour in 2022.

28.    Plaintiff was scheduled to, and in fact did, work a 12-hour shift, seven days per workweek.

29.    Plaintiff worked the night-shift from 7 PM to 7 AM, but was required to continue working past 7 AM "off the clock" until employees who worked the day-shift arrived when they reported late to work.  As a result, Plaintiff worked an average of two hours per week for which he was not paid.   Thus, Defendants failed to properly compensate Plaintiff for all hours worked after 40 hours in a workweek at a rate not less than one and one-half times the regular rate in violation of the FLSA and NYLL.

30.    Plaintiff and other clerks at Bolla Market were paid at the statutory minimum wage and regularly worked a day that exceeded 10 hours from start to finish including breaks.

31.     Defendants unlawfully failed to pay Plaintiff and other similarly situated clerks an additional hour at the minimum wage for each shift that spanned over a 10-hour period, as required by 12 N.Y.C.R.R. § 142.

32.     In or about July 2022, Plaintiff developed an infection in his right foot, which subsequently required surgical amputation of his toe.  Plaintiff was hospitalized from on or about August 21, 2022 to on or about September 2, 2022.

33.     Defendants were aware that Plaintiff experienced an FMLA-qualifying event due to his own serious health condition.

34.     After a brief period of convalescence, Plaintiff was able to return to work in October 2022, but he was required to wear a medical boot that limited and controlled his ankle movement. In addition, Plaintiff walked with a limp and/or impaired gait.

35.     After Plaintiff worked a few shifts with his medical boot and impaired gait, his supervisor stopped scheduling Plaintiff for work.

36.     Plaintiff's supervisor "ghosted" him and failed to respond to text messages from Plaintiff requesting the location of his work assignment.

37.     Defendants refused and/or failed to restore Plaintiff to an equivalent position in terms of pay, benefits and working conditions following the amputation of his toe and medical leave of absence for his serious health condition in violation of the FMLA.

38.     Defendants discriminated against Plaintiff because of his disability and/or perceived disability in violation of the NYSHRL.

39.     As a result of Defendants' discrimination, Plaintiff has suffered, and will continue to suffer, loss of income and employment-related benefits, termination of employment, loss of

6

opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

40.     Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants in hourly-paid positions at the statutory minimum wage at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

41.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendant.  The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

42.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants in hourly-paid positions at the minimum wage at any time during the six (6) years prior to the filing of this Complaint.

43.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether

Defendants failed and/or refused to pay the Plaintiff and Class Members spread-of-hours pay when they worked more than ten hours in a single workday, whether Defendant's general practice of failing and/or refusing to pay spread-of-hours pay was done willfully or in reckless disregard for the law, and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

44.    Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendants failed to pay spread-of-hours pay.  Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class Members were subject to the same corporate practices of Defendants.  Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.  Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

45.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

46.    A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

47.    Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

48.     The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

49.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

50.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

51.     Defendant failed to compensate the Plaintiff for all hours worked in excess of forty (40) hours per week at a rate of at least one and one-half times the regular hourly rate in violation of the FLSA.

52.     Plaintiff is entitled to recover unpaid wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

53.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

54.     Defendant failed to compensate the Plaintiff for all hours worked each week in violation of the NYLL.

55.     Defendant failed to compensate the Plaintiff for all hours worked excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate in violation of NYLL.

56.     Plaintiff is entitled to recover from Defendant unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## SPREAD-OF-HOURS PAY

57.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

58.     Defendants failed to pay Plaintiff and Class Members one additional hour's pay at the basic minimum wage rate for each day the spread of hours exceeded ten in violation of New York Labor Law § 650 et seq. and 12 N.Y.C.R.R. § 142.

59.     Defendants' failure to pay spread-of-hours pay was willful.

60.     Plaintiff and Class Members are entitled to recover unpaid wages, liquidated damages, statutory interest and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
## FAMILY AND MEDICAL LEAVE ACT

61.     Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

62.     Plaintiff required a medical leave of absence due to his own serious health condition.

63.     Plaintiff had at least 1,250 hours of service for Defendants during the 12 month period immediately preceding his medical leave of absence.

64.     Defendants failed to restore Plaintiff to an equivalent position upon the cessation of his medical leave and terminated his employment in violation the FMLA.

65.     Defendants retaliated against Plaintiff for exercising his rights under the FMLA in violation of 29 U.S.C. § 2615.

66.     As a result of Defendant's retaliatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment and loss of opportunity for advancement and promotion.

## FIFTH CLAIM FOR RELIEF
## NEW YORK STATE HUMAN RIGHTS LAW

67.     Plaintiff alleges and incorporates by reference the preceding allegations as if fully set forth herein.

68.     By the acts and practices described above, Defendants discriminated against Plaintiff in the terms and conditions of his employment on the basis of disability and/or perceived disability in violation of the NYSHRL.

69.      As a result of Defendants' discriminatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

70.     Defendants' actions were taken in conscious disregard for Plaintiff's statutorily protected rights.

11

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i.)     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor Regulations;

(ii.)     Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(iii.)     Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iv.)     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL and the supporting Department of Labor Regulations;

(v.)     Unpaid wages and liquidated damages pursuant to NYLL § 198;

(vi.)     Damages in the form of back pay with interest;

(vii.)     Compensatory damages for emotional pain and suffering, mental anguish, embarrassment and humiliation;

(viii.)   Punitive damages;

(ix.)     All attorneys' fees and costs incurred in prosecuting these claims; and

(x.)     Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
          November 16, 2022

LAW OFFICE OF PETER A. ROMERO PLLC

By:     */s Peter A. Romero*
          _____
          Peter A. Romero, Esq.
          490 Wheeler Road, Suite 250
          Hauppauge, New York 11788
          Tel. (631) 257-5588
          promero@romerolawny.com

          *Attorneys for Plaintiff*

12

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Bolla Operating LI Corp., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____
Jose A. Vasquez

_____
Date