UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSE A. VASQUEZ, *on behalf of himself and all others similarly situated*,

                *Plaintiff*,

– against –

BOLLA OPERATING L.I. CORP. d/b/a Bolla Market; *and* BOLLA OPERATING CORP. d/b/a Bolla Market,

                *Defendants.*

**MEMORANDUM & ORDER**
2:22-cv-07014 (NCM)(ST)

---

**NATASHA C. MERLE**, United States District Judge:

The Court has received the Report and Recommendation ("R&R") dated February 25, 2025, from the Honorable Judge Tiscione, United States Magistrate Judge. R&R, ECF No. 50. Defendants Bolla Operating Corp. and Bolla Operating L.I. Corp. timely objected to the R&R. For the reasons that follow, the Court overrules defendants' objections and adopts the R&R in its entirety.

## BACKGROUND

On November 16, 2022, plaintiff Jose Vasquez brought this action against defendants Bolla Operating Corp. and Bolla Operating L.I. Corp. *See* Compl., ECF No. 1. Plaintiff's complaint brought claims alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, New York Labor Law ("NYLL"), 12 N.Y.C.R.R. § 142-2.14, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.* On April 29, 2024, plaintiff Vasquez filed a motion to amend his complaint to add Basharat Ali as a plaintiff and Harvinder Singh as a defendant. *See* Plaintiff's Motion ("Mot."), ECF No. 38.

1

Attached to this motion, plaintiff filed his proposed amended complaint ("PAC"). *See* PAC, ECF No. 38-2. Defendants filed an opposition to plaintiff's motion to amend which argued that plaintiff's proposed amendment would be futile because, among other things, the allegations regarding proposed plaintiff Ali are insufficient to state a claim for relief and the allegations regarding proposed defendant Singh are insufficient to allege that he is an employer for the purposes of the FLSA or the NYLL. *See* Defendants' Opposition ("Opp'n"), ECF No. 39 at 8. Plaintiff thereafter filed a reply. *See* Plaintiff's Reply, ECF No. 41. Defendants then sought and were granted leave to file a sur-reply, which was filed on May 16, 2024. *See* ECF Nos. 42, 44, 46. Plaintiff moved to strike defendants' sur-reply as exceeding the scope of the court's order, which had placed limitations on the defendants' sur-reply. *See* Pl. Mot. to Strike, ECF No. 47.

By R&R, Magistrate Judge Tiscione recommended the Court (1) grant plaintiff's motion to amend his complaint to add Ali, as a plaintiff, and Singh, as a defendant; and (2) deny plaintiff's motion to strike defendants' sur-reply. R&R 1, 3. Defendants objected to the R&R, arguing that Magistrate Judge Tiscione erroneously concluded that the PAC contained sufficient allegations to support proposed plaintiff Ali's post-May 2023 overtime claims against proposed defendant Singh, and that the PAC contained sufficient allegations to establish proposed defendant Singh's individual liability under the FLSA as to plaintiff's class action claims. Defendants' Objection ("Obj.") 6–7, ECF No. 53. Plaintiff timely filed an opposition to defendants' Objection on March 27, 2025. *See* Plaintiff's Response to Objection ("Resp."), ECF No. 54.

## STANDARD OF REVIEW

There remains a debate as to whether a "motion to amend is considered dispositive or non-dispositive for purposes of whether a Magistrate Judge's ruling" should be

reviewed pursuant to Federal Rule of Civil Procedure 72(a) or (b), which the Second Circuit has yet to resolve. *Covet & Mane, LLC v. Invisible Bead Extensions, LLC*, No. 21-cv-07740, 2023 WL 6066168, at *5 (S.D.N.Y. Sept. 18, 2023) (noting that "the Second Circuit has suggested in dicta and non-precedential opinions that a motion to amend is non-dispositive, [but] it has yet to explicitly hold so").[1] Many courts split the difference: a ruling denying a motion to amend is reviewed as a dispositive order pursuant to Rule 72(b), while a ruling granting a motion to amend is reviewed as a non-dispositive order pursuant to Rule 72(a). *See, e.g.*, *Ashford Locke Builders v. GM Contractors Plus Corp.*, No. 17-cv-03439, 2020 WL 6200169, at *1 (E.D.N.Y. Oct. 22, 2020) (noting that "unless the magistrate judge's decision effectively dismisses or precludes a claim, thereby rendering the motion to amend dispositive, motions for leave to amend are subject to [non-dispositive] review"). Here, Magistrate Judge Tiscione recommended granting the Motion. Accordingly, the Court reviews the R&R as a non-dispositive ruling pursuant to Rule 72(a).

Rule 72(a) requires the Court to "set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Clear error requires a "definite and firm conviction that a mistake has been committed" based on the "entire evidence" in the record. *Dorsett v. County of Nassau*, 800 F. Supp. 2d 453, 456 (E.D.N.Y. 2011), *aff'd sub nom. Newsday LLC v. County of Nassau*, 730 F.3d 156 (2d Cir. 2013). A magistrate judge's order may be contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* This is a "highly deferential standard[.]" *Mestecky v. N.Y.C. Dep't of Educ.*, No. 13-cv-04302, 2016 WL 7217637, at *1 (E.D.N.Y. Dec. 12, 2016).

---

[1]  Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

3

Clear error review of a non-dispositive motion "permits reversal" only where the magistrate judge abused his or her discretion. *Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 204 (E.D.N.Y. 2010); *see also Alvarado v. City of New York*, No. 04-cv-02558, 2009 WL 510813, at *1 (E.D.N.Y. Feb. 27, 2009) ("[A] magistrate judge's decision is contrary to law only where it runs counter to controlling authority.").

## DISCUSSION

Magistrate Judge Tiscione found plaintiff demonstrated good cause to modify the Court's scheduling order to seek amendment of his complaint; that plaintiff's proposed amendment to add Ali as a plaintiff and Singh as a defendant would not be futile; and that plaintiff's proposed amendment would not cause defendants to suffer undue prejudice. *See generally* R&R. Defendants object to the R&R's finding that plaintiff's proposed amendment would not be futile. *See* Obj. 12.

Defendants object to Magistrate Judge Tiscione's findings that the PAC contained sufficient allegations to: (1) plead Ali's post-May 2023 overtime claim; and (2) establish Singh as an employer subject to individual liability for the FLSA and NYLL claims made both by Ali and plaintiff Vasquez on behalf of the class. *See* Obj. 6–7. Defendants do not object to Magistrate Judge Tiscione's finding that Ali's pre-May 2023 claims were sufficiently pled.

### I. Proposed Plaintiff Ali's Overtime Claim.

Magistrate Judge Tiscione found that, drawing all reasonable inferences in plaintiff's favor, the PAC alleged that Ali was not compensated for hours he worked in excess of 60 hours after May 2023. R&R 13. Defendants argue that this was contrary to the Second Circuit's decision in *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, (2d Cir.

4

2013), because the PAC failed to describe with specificity the hours Ali worked after May 2023. Obj. 8–9.

Defendants raised this same argument in their Opposition, arguing that the PAC failed to "actually allege how many hours [Ali] worked per week during the period after May 2023." Opp'n 12–13. This argument was rejected by Magistrate Judge Tiscione in the R&R. R&R 13–14. Notably, in their Opposition, defendants did not cite to *Dejesus* but rather relied on two cases which were considered and rejected by Magistrate Judge Tiscione, *Lundy v. Catholic Heath Sys. Of Long Island Inc.*, 711 F. 3d 106, 114 (2d Cir. 2013) and *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F. 3d 192, 201 (2d Cir. 2013). Opp'n 12–13. Defendants' instant arguments, now reliant on *Dejesus*, do not support that the magistrate judge's determination was clearly erroneous or contrary to law.

While proposed plaintiff Ali's allegations as to his post-May 2023 hours are thin, the magistrate judge was not clearly erroneous in finding that the claims are not futile. Magistrate Judge Tiscione correctly explained that subsequent to *Lundy* and *Nakahata*, the Second Circuit clarified in *Dejesus* that "it is not necessary to provide a specific approximation of the number of hours worked in order to plausibly plead that an employee worked in excess of 40 hours per week." R&R 13. Indeed, *Dejesus* clarified that a plaintiff need not "plead their hours with mathematical precision" but that "some factual context" is necessary to "nudge" an FLSA plaintiff's claim from "conceivable to plausible." *Dejesus*, 726 F.3d at 90. The R&R determined that Ali alleged he was not compensated for hours worked in excess of 60. Thus, the PAC's allegations contemplated that Ali worked some uncompensated hours over 60 hours in a given week, at least on occasion. R&R 13. And given that *Dejesus* held that plaintiff must plausibly plead that he worked

some uncompensated time in excess of 40 hours per week, *Dejesus*, 726 F.3d at 88, this was adequate for plaintiff to plausibly allege a claim for relief.[2] *See also Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 115 (2d Cir. 2023) (holding that to "plead FLSA overtime claims with specificity," "plaintiffs must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours" and "[n]othing more is required").

Further, because leave to amend should be freely granted when justice so requires, is entrusted to the court's discretion, and is considered in this Order under the highly deferential clear error standard of review, the Court finds that the R&R was not clearly erroneous in recommending that plaintiff be allowed to amend the complaint to allow proposed plaintiff Ali's post-May 2023 overtime claims. *See* Fed. R. Civ. P. 15(a)(2); *see also Morency v. NYU Hosps. Ctr.*, 728 F. App'x 75, 76 (2d Cir. 2018) ("[I]t is within the sound discretion of the district court to grant or deny leave to amend.").

## II. Proposed Defendant Singh's Alleged Individual Liability.

Defendants next argue that the R&R improperly found that plaintiff's allegations in the PAC were sufficient to plead that Singh was individually liable as an employer under the FLSA and the NYLL.[3] Obj. 14. To determine whether an individual is an "employer"

---

[2] In response to defendants' objections to the R&R, plaintiff points to Ali's declaration attached to his motion to amend, which included more specificity as to uncompensated overtime hours he allegedly worked post-May 2023. Resp. 9. The R&R did not consider this extrinsic evidence that was not included in the PAC when considering plaintiff's motion to amend. R&R 13–14. In reviewing this R&R for clear error, the Court considers those allegations relied on by Magistrate Judge Tiscione or allegations erroneously excluded, and thus does not need to consider those factual allegations extrinsic to the PAC.

[3] The R&R conducted the same analysis to determine whether the PAC sufficiently alleged Singh's individual liability under both the NYLL and the FLSA. *See* R&R 7–10; *see also Cucul v. Major Cleaning, Inc.*, No. 22-cv-00601, 2024 WL 2783505, at *7 n.2

6

subject to the requirements of the FLSA, the Second Circuit has adopted an "economic realities" test, which considers factors such as: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984); *see also Erdemir v. Allstate Marble & Granite, Kitchens & Baths Inc.*, 704 F. Supp. 3d 337, 358 (E.D.N.Y. 2023), *aff'd*, No. 24-210, 2025 WL 338551 (2d Cir. Jan. 30, 2025). The factors which make up the economic realities test are non-exhaustive and "fact intensive." *Kaplan v. Wings of Hope Residence, Inc.*, No. 18-cv-02972, 2018 WL 6437069, at *8 (E.D.N.Y. Dec. 7, 2018). Additionally, none of the *Carter* factors are dispositive.

      Defendants argue that the PAC's allegations are a "cut copy paste" of the factors "with no facts to support them." Obj. 14. This argument is without merit. The R&R identified specific factual allegations in the PAC that support at least two of the four *Carter* factors—the supervision and control of employee work schedules, and the rate of employment. Specifically, the factual allegations are that in May 2023, Singh told Ali he would work in a new position with new hours and responsibilities, including working the shifts of other employees who failed to report to work at other locations. R&R 7–8. Additionally, the PAC alleges that Singh informed Ali of his new hourly pay rate. R&R 8. Magistrate Judge Tiscione found these allegations sufficient to plausibly demonstrate Singh's control over Bolla's operations and employees. R&R 7–8.

---

(E.D.N.Y. May 30, 2024) ("Courts have interpreted the definition of 'employer' under the NYLL coextensively with the definition used by the FLSA.").

Thus, while the allegations here may not be the same as the allegations in *Hussain*, a case upon which the magistrate judge relied, this does not make the R&R clearly erroneous or contrary to law. *See* R&R 9; *Hussain v. Burton & Doyle of Great Neck LLC*, 14-cv-05924, 2015 WL 13227997, *4 (E.D.N.Y. Sept. 29, 2015). Instead, the R&R identified specific factual allegations contained in the PAC that sufficiently allege Singh's individual liability under the FLSA. Thus, in the fact intensive analysis, Magistrate Judge Tiscione determined that plaintiff's allegations for individual liability did not "merely track[] the language laid out in *Carter*." *Kaplan*, 2018 WL 6437069 at *9.

Accordingly, the Court finds that the R&R's recommendation that plaintiff be granted leave to amend his complaint and allege that Singh is an employer with individual liability for alleged violations of the FLSA and NYLL, with respect both to Ali and to the putative class, is not clearly erroneous or contrary to law.

\*       \*       \*

Lastly, the Court has reviewed those portions of the R&R to which no objection was made, including the recommendation that plaintiff's motion to strike defendants' sur-reply be denied as moot and the addition of proposed plaintiff Ali's pre-2023 FLSA and NYLL claims, and finds that there is no clear error. *See Finley v. Trans Union, Experian, Equifax*, No. 17-cv-00371, 2017 WL 4838764, at *1 (E.D.N.Y. Oct. 24, 2017). Accordingly, the R&R is adopted in its entirety.

## CONCLUSION

For the reasons stated above, defendants' objections to Magistrate Judge Tiscione's R&R are overruled, and it is adopted in its entirety. Accordingly, plaintiff's

motion to amend his complaint is GRANTED and plaintiff's motion to strike defendants' sur-reply is DENIED as moot. Plaintiff shall file his amended complaint by April 14, 2025.

**SO ORDERED.**

                                                                                             */s/ Natasha C. Merle*
                                                                                            NATASHA C. MERLE
                                                                                            United States District Judge

Dated:        March 31, 2025
                Brooklyn, New York